BOWEN, District Judge:
Broadcast Corporation of Georgia (Broadcast) appeals from an order of the federal district court for the Northern District of Georgia which reversed in part and affirmed in part an order of the bankruptcy judge which allowed as an administrative expense Broadcast’s claim in the Chapter 7 bankruptcy case of Subscription Television of Greater Atlanta (Subscription). Broadcast Corp. of Georgia v. Broadfoot, 54 B.R. 606 (N.D.Ga.1985). The district court allowed as an administrative expense only that portion of Subscription’s claim which related to the period of time during which the bankruptcy trustee operated the debt- or’s business and actually used the services of Broadcast. We AFFIRM.
I. THE FACTS AND COURSE OF PROCEEDINGS BELOW
As its name implies, Subscription operated a subscription television service providing television programming to Atlanta area subscribers who also rented “decoders” which allowed those subscribers to “unscramble” broadcast television signals. Subscription and Broadcast entered into a “contract for the provision of subscription television by and between Broadcast Corporation of Georgia and STV of Georgia, Inc.” The contract created an obligation on Broadcast to provide Subscription with a scrambled television signal during certain hours of the day for which Subscription was obligated to pay Broadcast. Subscription filed a Chapter 11 bankruptcy case during which it continued the operation of its business. When the case was converted to a Chapter 7 bankruptcy, Herbert C. Bro-adfoot, II, was appointed as trustee on July 6, 1983. Trustee Broadfoot continued the operations of the debtor for seventeen days during which he supplied video tapes containing programming to Broadcast which Broadcast scrambled and transmitted in accordance with the contract.
After the seventeen-day period of operation, the trustee terminated operations and began his role as a liquidator. Broadcast made repeated requests that the trustee reject or assume the executory contract between Broadcast and Subscription, but the trustee declined. Instead, the trustee kept the contract as an assumable, exec-utory contract for the full sixty-day period contemplated in 11 U.S.C. § 365(d)(1) with the hope that the contract would prove valuable to the estate.
During the sixty-day period the trustee was motivated by a desire to preserve the estate and to find a purchaser for the debt- or’s business, including the contract. During the sixty-day period, Broadcast was obligated by the contract to keep the signal available to the trustee and was deprived of its own use thereof. At the end of the sixty-day period, the contract was rejected by operation of law, and Broadcast regained the ability to market the television signal which was the subject matter of the executory contract.
The bankruptcy judge allowed as an administrative expense Broadcast’s claim for contract payments accruing during the full sixty-day period that the trustee had use of the television signal. On appeal, the district court held that Broadcast was not entitled to the priority of an administrative expense for that portion of its claim which exceeded the seventeen-day period of operation and actual use by the trustee. Other issues were presented to the bankruptcy judge and the district court, but in this appeal the sole remaining issue is the priority to be accorded to Broadcast’s claim for the period of time during which the scrambled signal was available but not actually utilized by the trustee.
II. DISCUSSION
The issue presented is a straightforward one. The trustee actually utilized the subject matter of an executory contract during the operation of the debtor’s business for a seventeen-day period. Thereafter the trustee retained the right to use the subject matter of the executory contract with the hope of enhancing the estate and to preserve the assets of the estate. It was the trustee’s desire to keep the debtor’s assets and business together during the section 365(d)(1) period with a view toward selling them as a unit. During the seven *1532 teen-day operation period the estate received an actual benefit from the trustee’s use of Broadcast’s signal. During the remainder of the sixty days, the estate received the potential for a benefit in that the business and assets of the debtor, including the subject matter of the executory contract, could be exposed for sale by the trustee. Both Broadcast and the trustee were diligent in protecting their respective interests.
The lucid order of the district court amply states the rationale and correctly applies the law for the holding in this case. See Broadcast Corf, of Georgia v. Broad-foot, 54 B.R. 606 (N.D.Ga.1985). This opinion is entered to state our affirmance of the district court , below and to succinctly articulate an important rule of law in this circuit. The district court has thoroughly analyzed the pertinent portions of sections 365 and 503 of the Bankruptcy Code as well as the cases cited as authorities by the parties. We find no need to reiterate the reasoning of the district judge in her reported opinion. The question in this case is the priority to be accorded to the claim of a creditor holding an executory contract, the subject matter of which is retained by a trustee during the initial stages of a Chapter 7 bankruptcy. The priority of an administrative expense is the highest. 11 U.S.C. § 507(a)(1). The allowance of such a priority is to be carefully considered, only after notice and hearing. 11 U.S.C. § 503(b). That which is actually utilized by a trustee in the operation of a debtor’s business is a necessary cost and expense of preserving the estate and should be accorded the priority of an administrative expense. That which is thought to have some potential benefit, in that it makes a business more likely salable, may be a benefit but is too speculative to be allowed as an “actual, necessary cost and expense of preserving the estate.”
To accord a creditor holding an executory contract an administrative priority for every claim arising thereunder during the sixty-day section 365(d)(1) period would produce a strained and unintended construction of that statute. Each case must be judged subjectively. The treatment of similar contracts may vary with the facts of the case, the trustee’s need for the subject matter of the executory contract, and the benefits to be derived by the bankrupt estate. For example, in the case of a bankrupt retail jewelry business in the hands of a non-operating trustee, an administrative priority may well be accorded to the claim of a creditor bound to provide burglar alarm protection under an executory contract, but may not be to that of a creditor who leases the cash registers under an identical document.
As the district court held, ... “there must be an actual, concrete benefit to the estate before a claim is allowable ...” as an administrative expense. Broadcast Corp. of Georgia v. Broadfoot, 54 B.R. at 613.
III. CONCLUSION
In a Chapter 7 bankruptcy case a creditor’s claim under an executory contract, the subject matter of which is retained by the trustee during the § 365(d)(1) sixty-day period, shall be allowed as an administrative expense only to the extent that the actual use of such property represents benefit to the bankruptcy estate.
Accordingly, the judgment of the district court is AFFIRMED.